UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. DAVI,<br>Plaintiff,<br>v.<br>CAPELLA UNIVERSITY, INC.,<br>Defendant. | Case No. 2:26-cv-01743-DC-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 3, 7) |

Pending before the Court is Defendant Capella University, LLC's motion to dismiss (ECF No. 3) and Plaintiff's motion for leave to amend the Complaint (ECF No. 7).[1] Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court recommends GRANTING IN PART and DENYING IN PART Defendant's motion to dismiss and REMANDING this action to state court. The Court ORDERS that Plaintiff's motion for leave to amend is DENIED as moot.

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

Defendant Capella University, LLC (erroneously sued as "Capella University, Inc.") is an educational institution that operates an MBA program. Compl. at 8 (ECF No. 1-1). The entirety of Plaintiff Barbara A. Davi's general factual allegations are as follows:

> Plaintiff enrolled in Capella University's MBA program in Fall 2018 and completed all coursework with A grades. Plaintiff is totally disabled.
>
> Capella's platform failed during the capstone phase, preventing completion. No reasonable accommodation was provided.
>
> Capella continues billing $24,765.75 despite failure to deliver the degree.

*Id.*

## B. Procedural Posture

Plaintiff initiated this action on March 25, 2026 in Solano County Superior Court. *Id.* at 6. The Complaint asserts five causes of action against Defendant: (1) breach of contract; (2) "failure of consideration"; (3) failure to accommodate under the Americans With Disabilities Act of 1990 ("ADA"); (4) unfair business practices; and (5) declaratory relief. *Id.* at 8-9. For relief, Plaintiff seeks damages of $24,765.75, a declaration that "the balance [Plaintiff owes to Defendant] is unenforceable," and costs. *Id.* at 9.

Defendant was served on April 7, 2026. Def. Notice of Removal at 2 (ECF No. 1). On May 7, 2026, Defendant removed the action to this district court based on federal-question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at 3.

On May 14, 2026, Defendant filed its motion to dismiss the Complaint. Def. Mot. (ECF No. 3). Because Plaintiff failed to file an opposition within the time provided under Local Rule 230(c), the Court provided Plaintiff an additional opportunity to respond to

---

2 These facts primarily derive from the Complaint (ECF No. 1-1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Defendant's motion. 6/8/2026 Order (ECF No. 6). On June 9, 2026, within the Court's extended deadline to file an opposition, Plaintiff filed an opposition and request for leave to file an amended complaint.[3] Pl. Opp'n and Mot. (ECF No. 7). On June 23, 2026, Defendant replied to Plaintiff's opposition and filed an opposition to Plaintiff's motion for leave to amend. Def. Reply (ECF No. 8); Def. Opp'n (ECF No. 9). Plaintiff did not file a reply to Defendant's opposition. *See* Docket.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to

---

[3] In this filing, Plaintiff also included a request to accept Plaintiff's late-filed opposition. (ECF No. 7 at 1-3.) Defendant's reply requests that the Court disregard Plaintiff's late-filed opposition. Def. Reply at 3-4. This issue is moot, however, because the Court instructed Plaintiff to file her opposition by an extended deadline, which Plaintiff did.

amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**C. Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. Cal. Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded

documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

## III. DISCUSSION

Plaintiff asserts the following causes of action: (1) breach of contract; (2) "failure of consideration"; (3) failure to accommodate under the ADA; (4) unfair business practices, which the Court construes as a claim under California Business & Professions Code § 17200; and (5) declaratory relief. Compl. at 8-9. Defendant moves to dismiss the Complaint for failure to state a claim and for lack of subject-matter jurisdiction. *See* Def. Mot. Plaintiff opposes dismissal but requests leave to amend in the alternative. Pl. Opp'n and Mot. at 4.[4]

The Court first addresses Defendant's request for judicial notice (ECF No. 4).

### A. Request for Judicial Notice

Defendant requests that the Court take judicial notice of Plaintiff's unofficial transcript at Capella University and Plaintiff's Statement of Account with Capella University, dated May 5, 2026. Def. RJN (ECF No. 4); *see also* Declaration of Paul Shapiro, Exhs. 1, 2 (ECF No. 5-1). Defendant seeks judicial notice of these two documents because, Defendant argues, they are incorporated by reference in the Complaint where Plaintiff alleges she enrolled in Capella University's MBA program in Fall 2018. Def. RJN at 2-3.

Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions that may weaken their claims. *Id.* This doctrine permits a court, when considering a Rule 12(b)(6) motion, to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions." *Knievel v. ESPN*, 393

[4] Because multiple documents are filed within ECF No. 7, the Court refers to the ECF pagination when citing this filing.

F.3d 1068, 1076 (9th Cir. 2005) (citation modified).

Here, Plaintiff does not oppose Defendant's request to incorporate Plaintiff's unofficial transcript or Statement of Account. In fact, Plaintiff attaches her own copies of her unofficial transcript and Statement of Account[5] in her declaration in support of her opposition to Defendant's motion to dismiss. *See* Declaration of Barbara A. Davi, Exh. A (ECF No. 7 at 25-28), Exh. B (ECF No. 7 at 29-32). Further, the Court finds Defendant's exhibits form the basis of Plaintiff's claims because the Complaint alleges that Plaintiff was enrolled in Capella University, that Plaintiff "completed all coursework with A grades," and that Defendant continued to bill Plaintiff $24,765.75 despite not granting her degree. Compl. at 8. Accordingly, the Court will consider Exhibits 1 and 2 in the Shapiro Declaration under the doctrine of incorporation-by-reference. *See Khoja*, 899 F.3d at 1002; *Knievel*, 393 F.3d at 1076.

**B. Failure to State a Claim**

Defendants first assert that all claims are barred under their respective statutes of limitations where Plaintiff's claims accrued no later than May 25, 2021, which is the date that Plaintiff "dropped" her last-enrolled course at Capella University, and Plaintiff initiated this action on March 25, 2026. Def. Mot. at 13. The Court addresses this argument first as to Plaintiff's ADA claim.

As an initial matter, the Court notes Plaintiff's opposition does not respond to Defendant's argument that Plaintiff's claims are time-barred. *See* Pl. Opp'n at Mot. at 4-8. "Ordinarily, arguments not timely presented are deemed waived." *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 n.9 (9th Cir. 2007). Even where a plaintiff is pro se, a plaintiff's failure to respond to a statute-of-limitations argument may constitute a concession that her claims are time-barred. *See Redick v. Lowe's Home Centers, LLC*, 2021 WL 3207250, at *4 (E.D. Cal. July 29, 2021) (citing cases); *Lack v. Posner*, 2023

[5] Plaintiff's version of her Statement of Account actually appears to be a copy of a billing email she received from Defendant, not a detailed billing statement as in Defendant's request for judicial notice. *Cf.* Shapiro Decl., Exh. 2.

WL 3766535, at *13 (C.D. Cal. Apr. 24, 2023) (same), *report and recommendation adopted*, 2023 WL 3766511 (C.D. Cal. June 1, 2023), *aff'd*, 2024 WL 2950800 (9th Cir. May 23, 2024). However, even considering the Complaint on its face, the Court agrees with Defendant that Plaintiff's ADA claim is untimely.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citation modified). "The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111-12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131-12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181-12189, covers discrimination in public accommodations operated by private entities." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). "The Ninth Circuit has not yet decided the limitations period for ADA Title III claims." *Deuschel v. Bayer Healthcare Pharms., Inc.*, 692 F. Supp. 3d 985, 990 (C.D. Cal. 2023) (citation modified), *aff'd*, 2024 WL 4601693 (9th Cir. Oct. 29, 2024). However, the Ninth Circuit has stated that "the only *conceivable* options are California's two-year personal injury provision and its three-year period for '[a]n action upon a liability created by statute.'" *Est. of Stern v. Tuscan Retreat, Inc.*, 725 F. App'x 518, 526 (9th Cir. 2018) (emphasis in original) (citing Cal. Civ. Proc. Code §§ 335.1, 338(a)). Further, "a cause of action accrues at the time when the cause of action is complete with all of its elements. Because the last element to occur is generally, as a practical matter, the injury to the future plaintiff, the statute of limitations typically begins to run on the date of the plaintiff's injury." *Deuschel*, 692 F. Supp. 3d at 990 (citation modified).

Here, even assuming that the longer three-year statutory period applies, Plaintiff's ADA claim under Title III accrued no later than in 2021 because Plaintiff was last enrolled in Defendant's MBA program in "Winter Quarter 2021" and dropped her last-enrolled course on May 25, 2021. *See* Shapiro Decl., Exh. 1 at 3, Exh. 2 at 5. Thus, because 2021 is the latest that Plaintiff could have been injured by a failure to provide

accommodations within the MBA program, the statute of limitations on Plaintiff's ADA claim ran no later than the end of 2024. Because Plaintiff initiated this action on March 25, 2026, Plaintiff's claim is time-barred by more than a year. Further, because there are no facts on the face of the Complaint that suggest that the limitations period should be tolled, and Plaintiff has failed to respond to Defendant's timeliness argument in either her opposition, motion for leave to amend, or proposed First Amended Complaint, there is no basis for concluding that this defect can be overcome through amendment.[6] *See* Pl. Opp'n and Mot. at 4-8, 15-17, 18-22. Accordingly, the Court recommends that Plaintiff's ADA claim be dismissed without leave to amend. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *Deuschel*, 692 F. Supp. 3d at 992 (dismissing ADA claims as time-barred); *McCasland v. Herzog*, 2016 WL 5405560, at *2 (S.D. Cal. Sept. 27, 2016) (same); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

### C. Supplemental Jurisdiction

A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Lacey v. Maricopa County*, 693 F.3d 896, 940 (9th Cir. 2012). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The United States Supreme Court has held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that if "the federal claims are dismissed before trial . . . the state claims

[6] Even if the Court were to consider Plaintiff's numerous exhibits filed with her opposition, none of these exhibits indicate that her claims accrued after 2021 or were entitled to tolling. *See* Pl. Opp'n and Mot. at 25-70.

should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has recommended dismissing the third cause of action (ADA), over which it has original jurisdiction. Plaintiff's fifth cause of action is for "Declaratory Relief." Compl. at 9. It is unclear whether Plaintiff means to assert a standalone claim for declaratory relief or Plaintiff merely seeks such relief for other claims. To the extent Plaintiff intends to assert an independent federal claim, "a declaratory relief claim is not cognizable as an independent cause of action." *P&H Casters Co., Inc. v. P&H Indus., LLC,* 2024 WL 5368655, at *7 (C.D. Cal. Dec. 12, 2024). Plaintiff's remaining causes of action are more clearly independent state law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in the interest of comity and to promote convenience and fairness to the parties. *See Gibbs*, 383 U.S. at 726. The Court therefore declines to address Defendant's remaining arguments for dismissal and *sua sponte* remands to state court the remaining state law claims including Plaintiff's first cause of action (breach of contract), second cause of action ("failure of consideration"), fourth cause of action (unfair business practices), and fifth cause of action (declaratory relief). *See Tolentino v. Gillig, LLC*, 2021 WL 121193, at *7 (N.D. Cal. Jan. 13, 2021) ("[G]iven the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims, and those claims will be remanded to state court.").

### D. Plaintiff's Motion for Leave to Amend

Because the Court recommends that Plaintiff's ADA claim be dismissed without leave to amend, Plaintiff's motion for leave to amend (ECF No. 7) as to this claim is DENIED as moot. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Further, because the Court recommends that Plaintiff's remaining state law claims be remanded, the remainder of Plaintiff's motion for leave to amend is DENIED as moot.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 7) is DENIED as moot.

Further, based upon the findings above, it is RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 3) be GRANTED IN PART and DENIED IN PART as follows:
    a. Plaintiff's claim for failure to accommodate under Title III of the ADA (Claim 3) is DISMISSED without leave to amend;
    b. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, including Plaintiff's claims for breach of contract (Claim 1), "failure of consideration" (Claim 2), unfair business practices (Claim 4), and declaratory relief (Claim 5).
    c. This action is remanded to Solano County Superior Court as to the remaining state law claims; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 28, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, davi.1743.26